# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1803

_____

| | | |
|---|---|---|
| Koch Development Co., Inc., formerly known as Yorkshire Village, Inc., | * * * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the Eastern |
| | * | District of Missouri. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Clarendon America Insurance Company, | * * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 15, 2008
Filed: February 24, 2009

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Koch Development (formerly Yorkshire Village, Inc. but hereinafter "Koch" for all purposes) appeals from the district court's[1] grant of summary judgment in favor of Clarendon America Insurance Company in this garnishment action. The action relies upon an underlying consent judgment Koch obtained in state court against

_____

[1]The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

Dobbs Tire & Auto Centers, Inc. and James Wende after a 2003 fire (a result of Wende's negligence) caused property damage to Dobbs Tire's leased space located in Koch's St. Louis strip mall.[2] The issue before the district court was whether Dobbs Tire, the occupant of the damaged property, had satisfied the self-insured retention (SIR) amount under the terms of its commercial third-party general liability policy with Clarendon sufficient to trigger Clarendon's excess liability coverage in this case. The only issues on appeal are whether the policy language is ambiguous as to the SIR and if Dobbs Tire satisfied the SIR amount thus triggering the excess liability coverage. We accept the thorough fact recitation provided by the district court in its well-reasoned opinion and rely upon it and our own de novo review of the evidence presented in support of summary judgment in reaching our decision.

The district court granted summary judgment to Clarendon based on its findings that there were no genuine issues of material fact and that Clarendon was entitled to

[2]On December 12, 2005, two legal actions occurred allowing Koch to proceed in this case: (1) a state court entered a consent judgment against Dobbs Tire and Wende, making minor changes (not too much more than crossing out the word "Proposed" in the document caption) to a document presented by the parties entitled "Proposed Findings of Fact & Judgment;" and (2) Koch, Dobbs Tire, the Dobbs and Wende (collectively "Dobbs" for purposes of this footnote) entered into a "Covenant to Limit Recovery & Assignment of Claim," which was also signed by the state court judge, wherein Dobbs paid Koch $10 and Koch released Dobbs from any claims arising out of the fire and agreed that any judgment it obtained would be satisfied *solely* from the proceeds of the Clarendon policy and that neither Koch nor its insurer, State Auto Property & Casualty Insurance Co. would levy execution by garnishment against Dobbs. Previously, State Auto executed a similar release, in exchange for $10, with the Dobbs on November 23, 2005, preserving its right to subrogation through its insured, Koch, in the state court proceeding but discharging the individual parties from any suits or other actions in connection with the April 3, 2003, fire. Koch claims that Clarendon had notice of the state court proceeding but Clarendon claims otherwise and the district court held that neither Dobbs Tire nor State Auto notified Clarendon of the December 12 hearing. This particular fact dispute is not dispositive today and is referenced only as it explains how the parties arrived in this court.

judgment as a matter of law on all of Koch's claims. As to the ambiguity, or not, of the SIR policy language in question, the district court found the definition "clear and unambiguous" that the insured must pay or be obligated to pay amounts in satisfaction of the $100,000 SIR before Clarendon's duty to indemnify arises and that a consent judgment in excess of the SIR was insufficient proof that the SIR amount had been satisfied. And, as to Koch's claim that Dobbs Tire did, indeed, make payments in excess of $100,000, the district court found that Dobbs Tire paid a total of $88,356.25, an amount below the SIR requirement. Accordingly, the district court determined that the SIR obligation was not satisfied and Clarendon had no duty to indemnify its insured for the claims against it arising from the April 2003 fire.

The SIR clause reads:

The words "Self-Insured Retention" shall mean the amount of loss, which the Insured shall pay first arising from claims otherwise covered under the policy. Such Self-Insured Retention shall be primary or underlying to such insurance as is afforded by this policy. The Insured shall pay 100% of such Self-Insured Retention before this policy applies.

"We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party." Smith v. Int'l Paper Co., 523 F.3d 845, 848 (8th Cir. 2008). First, as a matter of law, we agree with the district court that the policy language here is unambiguous. The language "[t]he Insured *shall pay* 100% of such Self-Insured Retention before this policy applies," could not be more precise, requiring actual proof of payment. As such, the policy is to be enforced according to its terms and we do not look to extrinsic evidence to guide our interpretation. Assicurazioni Generali S.P.A. v. Black & Veatch Corp., 362 F.3d 1108, 1111 (8th Cir. 2004). And, after a thorough review of the record, we agree with the district court that Koch failed to offer sufficient evidence from which a reasonable jury could conclude

that the SIR obligation was met in this instance.[3]  Contrary to Koch's argument on appeal, the district court did not completely disregard evidence of payments made by Dobbs Tire in satisfaction of the SIR.  In fact, the district court was thorough in its review of Koch's evidence including the invoices and payments compiled by James Bernardini, and gave Koch all benefit of doubt where it could, despite evident inconsistencies and foundational errors, on an issue upon which Koch bore the burden and failed to meet.  Am. Family Mut. Ins. Co. v. Co Fat Le, 439 F.3d 436, 439 (8th Cir. 2006) ("Under Missouri law, the insured has the burden of proving coverage, and the insurer has the burden of proving that an insurance policy exclusion applies.")  Simply put, Koch did not meet its burden of proof on the matter of coverage.  Morris v. City of Chillicothe, 512 F.3d 1013, 1018 (8th Cir. 2008) ("[T]he sufficiency of the evidence to create an issue of fact for the jury is solely a question of law.")

---

[3]Koch's reliance upon Waste Management of Minnesota, Inc. v. Transcontinental Insurance Co., 502 F.3d 769 (8th Cir. 2007) in support of its argument that an obligation to pay an amount in excess of $100,000 is sufficient to satisfy the SIR is misplaced.  In Waste Management, the policy at issue obligated the excess insurer to pay any "ultimate net loss."  Id. at 772-73.  In a manner similar to this case, the policy defined that term as "actual damages the insured is legally obligated to pay" by reason of "final adjudication on the merits" or "through compromise settlement."  Id. at 772.  The critical question was how to define the point at which a primary insurer's coverage was exhausted so as to trigger excess liability coverage.  Id. at 773.  Waste Management does not stand for the general proposition that in all excess liability insurance coverage cases, the requirement that the primary policy be exhausted never requires actual payment by the underlying insurers in order to trigger excess coverage.  Id.  And, even if we were to read such a proscription into Waste Management, this case is distinct for at least two reasons.  First, unlike Waste Management, we are not focusing on the definition of "ultimate net loss" or whether or not primary insurance limits are exhausted, but rather whether a defined SIR has been satisfied.  Second, even if we likened the SIR to a primary policy requiring exhaustion so as to align this case with our reasoning in Waste Management, there is clear policy language stating that actual payment is required for this SIR to "exhaust."

For the reasons stated in the district court's thorough and well-reasoned opinion, we affirm.  <u>See</u> 8th Cir. R. 47B.[4]

------

[4]Given our resolution in Clarendon's favor on appeal, we do not address Clarendon's alternative arguments.